# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CARLOS TODD, as Personal Representative of the Estate of Leslie Todd, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 18-0175-WS-C ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant's Motion to Dismiss and to Strike (doc. 3). The court-ordered briefing schedule has expired, with no response by plaintiff.[1] The Motion is now ripe.

This action arises from the defendant's denial of an insurance claim for fire damage to plaintiff's decedent's insured property. According to the well-pleaded factual allegations of the Complaint, Leslie Todd obtained a renewal certificate from defendant, State Farm Fire and Casualty Company, extending his fire insurance coverage for a policy period of November 6, 2016 to November 6, 2017 (the "Policy"). (Doc. 1, Exh. B, at ¶ 3.) Todd was killed in an

---

[1] On April 20, 2018, the Court entered an Order (doc. 6) specifically directing plaintiff to respond to the Motion by no later than May 4, 2018. Plaintiff, who is represented by counsel, elected not to do so, and has thus waived the opportunity to be heard on State Farm's Motion. That said, plaintiff's failure to respond to the Motion to Dismiss neither constitutes a legal abandonment of his claims nor authorizes the reflexive granting of said Motion without examining its merits. *See, e.g., Gailes v. Marengo County Sheriff's Dep't*, 916 F. Supp.2d 1238, 1243-44 (S.D. Ala. 2013) (explaining that "the Court will not treat a claim as abandoned merely because the plaintiff has not defended it in opposition to a motion to dismiss," but "will review the merits of the defendant's position" instead); *Long v. Patton Hospitality Management, LLC*, 2016 WL 1677565, *1 n.1 (S.D. Ala. Apr. 26, 2016) (similar). That said, plaintiff's omission is at his peril. The Court will not undertake to fill in the blanks with arguments he could have raised but did not.

automobile accident in September 2016, after which his Estate continued to make all premium payments on the Policy. (*Id.*, ¶¶ 6-9.) The insured property, a residence and its contents on Old Shell Road in Mobile, Alabama, was destroyed by fire on March 13, 2017. (*Id.*, ¶ 10.) The Complaint alleges that, even though defendant accepted all premium payments and failed to notify Todd or his Estate, State Farm canceled Todd's Policy sometime after the loss was reported. (*Id.*, ¶¶ 13-16.) The Complaint further alleges that State Farm has refused to honor the Estate's claim for insurance benefits under the Policy. (*Id.*, ¶¶ 17-18.)

Based on these facts, the Complaint purports to assert three causes of action against State Farm. In Count One, the Estate alleges that State Farm's "refusal to honor Plaintiff's claim constitutes a breach of contract with respect to State Farm Fire and Casualty Company's refusal to pay the insurance claim made herein." (*Id.*, ¶ 19.) The only substantive allegation presented in Count Two is that State Farm "has refused, and continues to refuse, to honor and abide by the contract of insurance between Plaintiff's decedent, Leslie Todd, and State Farm." (*Id.*, ¶ 22.) Finally, in Count III, the Estate alleges that State Farm "has been guilty of bad faith, outrageous conduct, negligence, willfulness, oppressiveness, maliciousness, fraudulent conduct, and recklessness by denying the claims of Plaintiff's decedent, Leslie Todd, under the terms of the aforementioned policy of fire insurance." (*Id.*, ¶ 24.) The *ad damnum* clause of the Complaint specifies that the Estate seeks enumerated damages of $83,200 for the total loss of Todd's residence by fire, plus an additional $62,000 for the loss of household furnishings and other personal property, for a total loss of $145,200. (*Id.* at 5.)

With respect to Count Two, State Farm has filed a Motion to Strike on the grounds that Count Two is redundant of Count One, inasmuch as both claims assert only that State Farm's failure to pay the Estate's claim under the Policy is a breach of contract. The Federal Rules of Civil Procedure provide that "[t]he court may strike from a pleading an insufficient defense or any **redundant**, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed.R.Civ.P. (emphasis added). Federal courts routinely rely on Rule 12(f) to strike duplicative claims and allegations from a pleading. *See, e.g., Asten v. City of Boulder*, 652 F. Supp.2d 1188, 1197 (D. Colo. 2009) ("pursuant to Federal Rule of Civil Procedure 12(f) … plaintiff's second claim for relief is stricken as redundant"); *Lamke v. Sunstate Equipment Co.*, 387 F. Supp.2d 1044, 1047 (N.D. Cal. 2004) ("[C]ourts will strike a claim as 'redundant' when it essentially repeats another claim in the same complaint.") (citation omitted); *Munie v. Stag Brewery, Div. of G. Heileman*

*Brewing Co.*, 131 F.R.D. 559, 559-60 (S.D. Ill. 1989) (ordering Count II stricken pursuant to Rule 12(f) where "Counts I and II are identical counts alleging premises liability and personal injury damages against defendant Stag Brewery"); *Brown v. Royal Caribbean Cruises, Ltd.*, 2000 WL 34449703, *7 (S.D.N.Y. Aug. 24, 2000) ("Because the Fourth and Fifth Counts are virtually identical to the Second and Third Counts, … the Court finds these claims to be redundant and strikes them pursuant to Fed.R.Civ.P. 12(f)."). On its face, Count Two is needlessly repetitive of Count One. It adds no new allegations, no new theories and no new claims for relief, but simply restates the same claim for relief presented in Count One. Despite being an afforded an opportunity to be heard, plaintiff has identified no justification or proper purpose for such repetition in the Complaint. Accordingly, the Motion to Strike is due to be **granted** pursuant to Rule 12(f).

As for Count Three, State Farm has filed a Motion to Dismiss, principally on the grounds of insufficient pleading. In framing that claim in the Complaint, the Estate merely strings together a series of unsupported, conclusory labels. Specifically, the Complaint alleges that State Farm's denial of the subject fire insurance claim constituted "bad faith, outrageous conduct, negligence, willfulness, oppressiveness, maliciousness, fraudulent conduct, and recklessness." The Complaint is devoid of factual allegations that might lend credence to any of these descriptors.

To withstand Rule 12(b)(6) scrutiny and satisfy the minimum pleading requirements prescribed by Rule 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] [his] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012). Thus, minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As the Eleventh Circuit has explained, *Twombly / Iqbal* principles demand that a complaint's allegations be "enough to raise a right to relief above the speculative level." *Speaker v. U.S.*

*Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted). "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, … but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citations and internal quotation marks omitted). The allegations "must … state a claim for relief that is plausible – and not merely possible – on its face." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

In its current form, the Estate's Complaint presents no factual allegations that might bolster the premise that State Farm's denial of the fire insurance claim on Leslie Todd's residence was fraudulent, oppressive, malicious, taken in bad faith, or any of the other cursory characterizations found in Count Three. "The general rule in Alabama is that the mere failure to perform a contractual obligation will not sustain an action sounding in tort." *Temploy, Inc. v. National Council on Compensation Ins.*, 650 F. Supp.2d 1145, 1153 (S.D. Ala. 2009).[2] Thus, most of plaintiff's conclusory labels are not cognizable as viable claims here. To be sure, Alabama does recognize "the tort of bad faith in regard to the failure to pay an insurance claim" in circumstances where the insurer has engaged in "intentional refusal to settle a direct claim," and either has actual knowledge of the absence of any arguable reason for such refusal or intentionally failed to determine whether there was a lawful basis for such refusal. *State Farm Fire and Cas. Co. v. Brechbill*, 144 So.3d 248, 257 (Ala. 2013). In its current form, however, the Complaint is devoid of facts constituting a plausible showing that (i) State Farm intentionally refused to pay the claim; (ii) State Farm actually knew it lacked a debatable reason for denying the claim; or (iii) State Farm intentionally failed to determine whether there was an arguable reason for refusal to pay the claim.

Simply put, Count Three fails to satisfy the minimum pleading threshold of stating a plausible claim for relief under *Twombly*, whether couched as a general claim for tortious breach

---

[2] *See also Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp.2d 1273, 1290 (N.D. Ala. 2013) ("Alabama law does not recognize a tort-like cause of action for the breach of a duty created by a contract. … A negligent failure to perform a contract … is but a breach of the contract.") (citations and internal marks omitted); *Geodesic Consulting, LLC v. Compass Bank*, 2017 WL 4882381, *9 (N.D. Ala. Oct. 30, 2017) ("A tort-like cause of action for the breach of a duty created by contract is not recognized in Alabama.").

of contract (which is not cognizable under Alabama law) or as a claim of bad faith (as to which no supporting facts are presented as to multiple elements of the corresponding Alabama cause of action). In its current form, Count Three fails to state a claim upon which relief can be granted.

For all of the foregoing reasons, it is **ordered** as follows:

1. Defendant's Motion to Strike (doc. 3) is **granted**, and Count Two of the Complaint is **stricken** as redundant, pursuant to Rule 12(f), Fed.R.Civ.P.;

2. Defendant's Motion to Dismiss (doc. 3) is **granted**, and Count Three of the Complaint is **dismissed without prejudice**, pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to meet the minimum pleading standards prescribed by Rule 8(a); and

3. Defendant must file its Answer to the remaining claims and allegations in the Complaint by no later than **May 30, 2018**.

DONE and ORDERED this 16th day of May, 2018.

    s/WILLIAM H.STEELE
    UNITED STATES DISTRICT JUDGE